# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

GUSTAV G. MILLER, III and
MICHELLE L. MILLER,

    Debtors.
_____/

CHARLES J. TAUNT, Trustee,

    Plaintiff/Appellant,

v.

CENTRAL MORTGAGE COMPANY,

    Defendant/Appellee.
_____/

Case No. 14-14194
Hon. Gerald E. Rosen

Bankr. Case No. 13-62174
Chapter 7
Hon. Marci B. McIvor

Adv. Proceeding No. 14-4326

## OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     October 30, 2015

PRESENT: Honorable Gerald E. Rosen
                 Chief Judge, United States District Court

## I. INTRODUCTION

Plaintiff/Appellant Charles J. Taunt (the "Trustee"), the Chapter 7 trustee for the bankruptcy estate of Debtors Gustav Miller, III and Michelle Miller (the "Debtors"), commenced an adversary proceeding in the Debtors' bankruptcy case against

Defendant/Appellee Central Mortgage Company ("CMC"), alleging that a mortgage held by CMC on real property purchased by the Debtors is defective under state law, and may therefore be avoided through the exercise of the powers granted to the Trustee under 11 U.S.C. § 544.  The Trustee and CMC filed cross-motions for summary judgment on the Trustee's claim to avoid the CMC mortgage, and the Bankruptcy Court determined at the conclusion of a September 30, 2014 hearing that CMC's motion should be granted and the Trustee's motion should be denied.

Through the present appeal, the Trustee now seeks the reversal of this ruling, arguing that the Bankruptcy Court erred in holding that a Michigan statute, Mich. Comp. Laws § 565.604, operated to cure a defect in one of the statutory requirements for granting a valid mortgage under Michigan law — namely, the requirement under Mich. Comp. Laws § 565.8 that a notary must record on the mortgage instrument itself the date that the mortgagors (in this case, the Debtors) acknowledged their intention to grant the mortgage.  In the Trustee's view, while the statute upon which the Bankruptcy Court relied, § 565.604, specifically enumerates the types of defects that will not be deemed to invalidate a mortgage, this statute purportedly does not identify a missing acknowledgment date as one of the specified defects that may be overlooked in an otherwise valid mortgage instrument.  In response, CMC contends that a notary's failure to record the date of an acknowledgment fits comfortably within the language of § 565.604 that deems a mortgage valid despite "any defect in any statutory requisite in the . . . acknowledgment" of the mortgage.

Having reviewed the parties' briefs and the record on appeal, the Court finds that the relevant facts and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process. Accordingly, the Court will decide this appeal "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons stated below, the Court affirms the Bankruptcy Court's ruling in its entirety.

## II. **FACTUAL AND PROCEDURAL BACKGROUND**

The facts pertinent to this appeal are straightforward and undisputed. In October of 2002, Debtors Gustav Miller, III and Michelle Miller executed a mortgage on real property located in Trenton, Michigan as security for a loan made to them by non-party Alliance Venture Mortgage, LLC. The mortgage was recorded with the Wayne County Register of Deeds on November 19, 2002. Defendant/Appellee Central Mortgage Company ("CMC") is the current holder of the mortgage.

The mortgage instrument was signed by both Debtors, and the signature page includes the signature and stamp of a notary public indicating that the Debtors acknowledged this instrument in the notary's presence. The notary, however, failed to record the date of the acknowledgment in the mortgage instrument, but instead left a blank space in the portion of this document where this date is meant to be recorded.

In December of 2013, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and Plaintiff/Appellant Charles J. Taunt was appointed the Chapter 7 trustee of the Debtors' bankruptcy estate. On March 27, 2014,

the Trustee initiated an adversary proceeding against CMC, asserting that the mortgage granted by the Debtors in 2002 and now held by CMC is avoidable under 11 U.S.C. § 544 due to a defect in the mortgage instrument — namely, the absence of the date upon which the Debtors acknowledged their execution of the mortgage.

A few months after the commencement of this adversary proceeding, the Trustee and CMC filed cross-motions for summary judgment, inviting the Bankruptcy Court to determine as a matter of law whether CMC's mortgage is avoidable. The Bankruptcy Court heard argument on these cross-motions on September 30, 2014, and then ruled at the conclusion of this hearing that the defect cited by the Trustee in the mortgage instrument did not render the mortgage transaction avoidable under 11 U.S.C. § 544. Rather, the Bankruptcy Court construed a Michigan statute, Mich. Comp. Laws § 565.604, as dictating that CMC's mortgage was valid despite the notary's failure to record the date on which the Debtors acknowledged this mortgage. The Trustee now appeals this ruling, arguing that the absence of an acknowledgment date cannot be cured under a proper reading of Mich. Comp. Laws § 565.604.

### III.  ANALYSIS

**A.     The Standards Governing This Appeal**

The challenged Bankruptcy Court decision rests purely on that court's interpretation of a Michigan statute, Mich. Comp. Laws § 565.604. Accordingly, this appeal presents a question of law that the Court reviews *de novo. See LPP Mortgage, Ltd. v. Brinley,* 547 F.3d 643, 647 (6th Cir. 2008).

**B.     The Bankruptcy Court Properly Construed Mich. Comp. Laws § 565.604 as Curing the Defect in the Debtors' Mortgage Arising from the Notary's Failure to Record the Date upon Which the Debtors Acknowledged the Mortgage.**

Through his claims in the adversary proceeding brought against CMC, the Trustee seeks to invoke the power of avoidance granted under 11 U.S.C. § 544.  Specifically, this Bankruptcy Code provision authorizes a trustee to "avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property . . . from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the [bankruptcy] case, whether or not such a purchaser exists."  11 U.S.C. § 544(a).  As the Sixth Circuit has explained, § 544(a) places the trustee in the position of a "hypothetical[] purchas[er] [of] the debtor's property at the commencement of the bankruptcy case," and the trustee then may hold or dispose of this property subject only to "any valid prior interests" that would have existed at the time of this hypothetical purchase.  *Gregory v. Ocwen Federal Bank (In re Biggs),* 377 F.3d 515, 517 (6th Cir. 2004); *see also Owen-Ames-Kimball Co. v. Michigan Lithographing Co. (In re Michigan Lithographing Co.),* 997 F.2d 1158, 1159 (6th Cir. 1993) (likewise observing that § 544(a)(3) grants a bankruptcy trustee "the rights and powers of a bona fide purchaser of real property from the debtor if, at the time the bankruptcy is commenced, a hypothetical buyer could have obtained bona fide purchaser status").  More to the point here, a bankruptcy trustee "is entitled to avoid [a debtor's]

mortgage under section 544(a)(3) if a hypothetical bona fide purchaser would be able to avoid this mortgage." *Simon v. Chase Manhattan Bank (In re Zaptocky),* 250 F.3d 1020, 1024 (6th Cir. 2001). State law governs the determination whether this hypothetical buyer could have achieved bona fide purchaser status. *See In re Michigan Lithographing Co.,* 997 F.2d at 1159.

In this case, the Trustee argues that in light of a defect in the mortgage instrument executed by the Debtors in connection with a October 2002 loan made to them by CMC's predecessor-in-interest, Alliance Venture Mortgage, LLC, the mortgage interest purportedly granted to Alliance at the time, and subsequently assigned to CMC, does not qualify as a valid prior interest that would have encumbered the Debtors' property in Trenton, Michigan at the time they filed their Chapter 7 bankruptcy petition in December of 2013. In particular, the Trustee points to the failure of the notary who witnessed the Debtors' execution of the mortgage instrument to record, on the instrument itself, the date on which the Debtors acknowledged their grant of a mortgage to Alliance.[1] Due to this oversight, the Trustee contends that the mortgage instrument failed to comply with a Michigan statute that governs (and mandates) the acknowledgment of instruments that convey interests in real property:

> Deeds executed within this state of lands, or any interest in lands, shall be acknowledged before any judge, clerk of a court of record, or

---

[1] As noted earlier, the mortgage instrument includes the signature and stamp of the notary, Candice Rudder, indicating that the Debtors acknowledged the mortgage in her presence, but the space in which the notary was to have recorded the date of this acknowledgment was left blank.

6

>notary public within this state. The officer taking the acknowledgment shall endorse on the deed a certificate of the acknowledgment, ***and the true date of taking the acknowledgment,*** under his or her hand.

Mich. Comp. Laws § 565.8 (emphasis added).[2]

To be sure, the Trustee concedes that the mortgage granted by the Debtors to Alliance was recorded with the Wayne County Register of Deeds back in November of 2002, less than a month after the Debtors executed the mortgage instrument. Nonetheless, he maintains that a defect in the execution of this instrument — namely, the omission of the "true date of taking the acknowledgment," as required under Mich. Comp. Laws § 565.8 — operated to deprive this recording of any legal effect. *See Hall v. Redson,* 10 Mich. 21, 23 (1862); *Galpin v. Abbott,* 6 Mich. 17, 30 (1858); *see also Wells Fargo Home Mortgage, Inc. v. Richardson (In re Brandt),* 434 B.R. 493, 497 (W.D. Mich. 2010) ("Several Michigan courts have held that conveyances of real property that have been executed in violation of law are ineffective to provide notice to subsequent purchasers, even if they are recorded." (citing cases)). It follows, according to the Trustee, that a hypothetical purchaser of the Debtors' property at the time of their bankruptcy filing would have lacked notice of the mortgage interest granted to Alliance and now claimed by CMC, and that the Trustee, standing in the shoes of this hypothetical bona fide purchaser without notice, is entitled under 11 U.S.C. § 544(a) to avoid CMC's mortgage interest.

---

[2]Although this statute refers only to deeds, the Trustee states without contradiction that it is made applicable to mortgage instruments pursuant to Mich. Comp. Laws § 565.46.

In response, CMC does not take issue with the bulk of the Trustee's reasoning, with one important exception. Specifically, CMC points to a Michigan statute that operates to cure certain types of defects in instruments conveying interests in real property:

> No conveyance of land or instrument intended to operate as such conveyance, made in good faith and upon a valuable consideration, whether heretofore made or hereafter to be made, shall be wholly void by reason of any defect in any statutory requisite in the sealing, signing, attestation, acknowledgment, or certificate of acknowledgment thereof . . . .

Mich. Comp. Laws § 565.604. CMC argues, and the Bankruptcy Court agreed, that the notary's failure to record on the mortgage instrument the date on which the Debtors acknowledged this mortgage transaction qualifies as a "defect in a[] statutory requisite in the . . . acknowledgment" of this transaction, so that § 565.604 deems this defect insufficient to invalidate the mortgage interest granted by the Debtors and now held by CMC. (*See* Bankr. Ct. 9/30/2014 Hearing Tr. at 32.)

In challenging the reading of § 565.604 advanced by CMC and adopted by the Bankruptcy Court, the Trustee first construes this statute as addressing five discrete types of defects: namely, defects in an instrument's "sealing, signing, attestation, acknowledgment, or certificate of acknowledgment." Mich. Comp. Laws § 565.604. In the Trustee's view, the defect in the mortgage instrument in this case — the omission of the date on which the Debtors acknowledged their execution of the mortgage — cannot be characterized as a defect of any of the types enumerated in the statute. The closest fit, according to the Trustee, is found in § 565.604's reference to defects in the

8

"acknowledgment" of a conveyance of an interest in land. Yet, the Trustee contends that the defect giving rise to his claim for avoidance cannot accurately be characterized as a defect in the Debtors' *acknowledgment* of their mortgage transaction; rather, this defect instead arose from the failure of the *notary* (and not the Debtors) to comply with a separate statutory duty to record the *date* on which the Debtors acknowledged their mortgage transaction. Thus, the Trustee argues that § 565.604 cannot properly be construed as curing the defect at issue here, where this defect purportedly does not lie within any of the specific categories enumerated in this statute.

The Trustee's proposed reading of § 565.604, however, overlooks the language that immediately precedes the statute's reference to the "sealing, signing, attestation, acknowledgment, [and] certificate of acknowledgment" components of an instrument conveying an interest in land. Specifically, this statute, by its express terms, is not limited to curing deficiencies found within these five discrete components of a deed or similar instrument; rather, it overcomes defects "in *any statutory requisite*" to any of these constituent elements of an instrument conveying an interest in land. Mich. Comp. Laws § 565.604 (emphasis added). As observed earlier, the statute that mandates the acknowledgment of transactions conveying an interest in land also imposes the requirement that "[t]he officer taking the acknowledgment shall endorse on" the instrument the "*true date of taking the acknowledgment*." Mich. Comp. Laws § 565.8 (emphasis added). As part of the same statute giving rise to the overarching obligation that a grantor must acknowledge his or her intent to convey an interest in land, the

9

language in § 565.8 dictating that a notary or other officer must record the "true date of taking the acknowledgment" readily qualifies as a "statutory requisite in the . . . acknowledgment" of a conveyance of land within the meaning of § 565.604.  It follows that the omission of this "statutory requisite" to a lawful acknowledgment — as imposed under the very statute, § 565.8, that mandates and otherwise governs this element of an instrument conveying an interest in land — constitutes a "defect in a[] statutory requisite" to acknowledgment that is cured by operation of § 565.604.  *See Gold v. JP Morgan Chase Bank, N.A. (In re Bright),* Bankr. Case No. 11-46894, Adversary Proc. No. 13-4286, 2013 WL 3270346, at *5-*7 (Bankr. E.D. Mich. June 26, 2013) (holding that defects in the notarization of two mortgage instruments were cured under Mich. Comp. Laws § 565.604, and thus could not support avoidance of the mortgage transactions under 11 U.S.C. § 547(b)).

Even assuming that the plain language of § 565.604 were viewed as insufficient by itself to resolve the question presented here, the Trustee has failed to cite any authorities that would support his preferred reading of this statute.  First and foremost, the Trustee himself acknowledges that "the text of M.C.L. § 565.604 . . . is clear and unambiguous," so that this Court should "strictly adhere" to this text rather than "read[ing] words" into the statute.  (Trustee's Br. on Appeal at 31-32.)  Moreover, to the extent that the Trustee appeals to the decisions in *Galpin* and *In re Brandt* for the proposition that a recorded instrument "is a nullity and is entirely inoperative to provide notice" if a defect in the instrument renders it "not in compliance with law or [otherwise] not entitled to be

recorded," *In re Brandt,* 434 B.R. at 501 (internal quotation marks and citations omitted), the rule recognized in these cases applies only once it is determined that the defects in an instrument render it ineligible for recording. As explained, this is not the case here, where § 565.604 provides that the defect in the mortgage instrument executed by the Debtors did not preclude the recording of this instrument or otherwise render the Debtors' mortgage transaction invalid.

      Finally, the Trustee suggests that the omission of the date of the Debtors' acknowledgment of their mortgage transaction cannot be viewed as a defect "in the . . . acknowledgment" of this transaction within the meaning of § 565.604, where the two functions of acknowledging a transaction and recording the date of this acknowledgment are distinct duties carried out by different people — *i.e.,* the Debtors versus a notary — and only the former are capable of introducing defects into the "acknowledgment" of the mortgage transaction. Again, however, § 565.604 cures defects in "any statutory requisite" to an acknowledgment, and not just in the acknowledgment itself. As discussed earlier, the statutory prerequisites for an acknowledgment are set forth in § 565.8, and the requirements of this statute are directed at **both** (i) the grantor of an interest in land, who must acknowledge the intention to grant this interest, **and** (ii) the individual before whom the acknowledgment occurs, who (a) must be a "judge, clerk of a court of record, or notary public," and (b) must "endorse on the deed [or instrument] a certificate of the acknowledgment, and the true date of taking the acknowledgment." Mich. Comp. Laws § 565.8.

A fair reading of § 565.604, therefore, encompasses defects in the performance of *either* the grantor *or* the notary or other officer before whom the grantor acknowledges an intention to grant an interest in land, as these two individuals together attempt to satisfy the various statutory requirements for an acknowledgment as set forth in § 565.8. Because the Bankruptcy Court correctly adopted this reading of § 565.604 in awarding summary judgment in favor of CMC on the Trustee's claim of avoidance, this Court affirms the Bankruptcy Court's ruling.

## IV. **CONCLUSION**

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Bankruptcy Court's September 30, 2014 ruling and accompanying order granting Defendant/Appellee Central Mortgage Company's motion for summary judgment and denying the Plaintiff/Appellant Trustee's motion for summary judgment are AFFIRMED.

                    s/Gerald E. Rosen  
                    Chief Judge, United States District Court

Dated:  October 30, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 30, 2015, by electronic and/or ordinary mail.

                    s/Julie Owens  
                    Case Manager, (313) 234-5135